UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME WALKER,

        Plaintiff,

  v.

                                      Case No. 20-cv-1555-pp

CHRISTINA SERRANO, MICHAEL JEAN,
RACHEL MATUSHAK, SIEANNA EDWARDS,
DR. DANIEL LAVOIE, and WILLIAM SWIEKATOWSKI,

        Defendants.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT SIEANNA EDWARDS'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 34)**

Plaintiff Jerome Walker, an inmate at Green Bay Correctional Institution who is representing himself, filed a lawsuit alleging that the defendants took adverse actions in retaliation for his complaints. Dkt. No. 1. He is proceeding on claims that (1) defendants Christina Serrano, Sieanna Edwards, Rachel Matushak and several health services staff whose names he did not know restricted his access to his bismuth tablets so that the medication was less effective; (2) defendants Serrano and Michael Jean attempted to force him to take bismuth medication when he did not need it, then issued him a conduct report for refusing; (3) defendants Edwards and Jean falsely accused him of attempting to "cheek" a blue pill; and (4) defendant Matushak refused to provide a statement confirming the color of his medications. Dkt. No. 8 at 5-6, 8. On March 5, 2021, defendant Edwards filed a motion for summary judgment in which she contends that the plaintiff failed to exhaust his administrative remedies. Dkt. No. 34.

This district's Local Rules provide:

1

> (a) Pro Se Litigation.
>
>> (1) If a party is proceeding pro se in civil litigation and the opposing party files a motion for summary judgment, counsel for the movant must comply with the following procedure:
>>
>>> (A) The motion must include a short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertion.
>>>
>>> (B) In addition to the statement required by Civil L. R. 56(a)(1)(A), the text to Fed. R. Civ. P. 56 (c),(d), and (e), Civil L. R. 56(a), Civil L. R. 56(b), and Civil L. R. 7 must be part of the motion.

Civil Local Rule 56(a) (E.D. Wis.). A motion for summary judgment also must include a statement of proposed material facts. See Civil L.R. 56(b)(1)(C).

Edwards's motion for summary judgment does not include the "short and plain statement" described in Civil Local Rule 56(a), nor does it include the text of Civil L.R. 56(a), 56(b) and 7. Nor has Edwards filed a statement of proposed material facts. Based on these deficiencies, the court will deny without prejudice Edwards's motion for summary judgment. See Civil L.R. 56(b)(1)(C)(iii).

The court **DENIES WITHOUT PREJUDICE** defendant Sieanna Edwards' motion for summary judgment. Dkt. No. 34.

Dated in Milwaukee, Wisconsin this 16th day of March, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**
