UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JEROME WALKER,

                Plaintiff,

v.                               Case No. 20-cv-1555-pp

CHRISTINA SERRANO, MICHAEL JEAN,
RACHEL MATUSHAK, SIEANNA EDWARDS,
DR. DANIEL LAVOIE, and WILLIAM SWIEKATOWSKI,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S REQUEST TO DENY AS UNTIMELY DEFENDANT EDWARDS'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 45), DENYING AS MOOT PLAINTIFF'S REQUEST FOR TIME TO RESPOND TO MOTION (DKT. NO. 45), GRANTING DEFENDANT EDWARDS'S REQUEST TO DEEM HER MOTION TIMELY FILED (DKT. NO. 46) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 47)**

---

On March 16, 2021, the court denied without prejudice defendant Sieanna Edwards' motion for summary judgment on exhaustion grounds because the motion did not include a proposed statement of facts, a "short and plain statement" described in Civil Local Rule 56(a) (E.D. Wis.), or the text of Civil Local Rules 56(a), 56(b) and 7. Dkt. No. 38 at 1-2. Defendant Edwards has refiled her summary judgment motion, this time including proposed findings of fact, the required notice to the unrepresented plaintiff and the text of the applicable Local Rules. Dkt. No. 40. Unfortunately, when the court denied without prejudice defendant Edwards' first summary judgment motion, it inadvertently failed to recognize that the deadline for filing a dispositive motion on the ground that the plaintiff failed to exhaust administrative

1

remedies was January 21, 2021. See Dkt. No. 27 at 2. The court regrets the oversight.

The plaintiff filed a response to defendant Edwards' motion in which he asked the court to deny the most recent motion because it was untimely filed. Dkt. No. 45. The plaintiff also asked the court to give him time to respond to the motion if the court decides not to deny it. Id. at 2.

Defendant Edwards has filed a reply asking the court to accept her motion as timely filed. Dkt. No. 46. In support of the request, Edwards states that one of her lawyers did not appear in the case until February 10, 2021, which was after the January 21, 2021 deadline for filing dispositive motions on exhaustion grounds had passed; that based on the docket, it appeared that the dispositive motion deadline was May 7, 2021; and that once counsel had appeared in the case, counsel diligently obtained the administrative complaint documents, prepared the motion and filed his original motion in less than a month. Id. at 2. Defendant Edwards also points out that the plaintiff only recently identified two Doe defendants and that the court recently had granted the defendants' joint motion stay the scheduling order deadlines. Id. at 2-3. Edwards argues that the plaintiff will not be prejudiced if the court allows the motion to proceed because the case is at an early stage and deadlines are currently stayed. Id. at 3.

The court will deem timely filed Edwards's motion for summary judgment on exhaustion grounds because, based on the facts mentioned in the preceding

paragraph, she has shown excusable neglect for filing the motion untimely. See Fed. R. Civ. P. 6(b)(1)(B).

The plaintiff since has filed a response to Edwards's motion, along with supporting documents (Dkt. Nos. 48-51), so the court will deny as moot his request for time to respond. The court will address the merits of Edwards's summary judgment motion in a subsequent order.

The plaintiff also has filed a motion to appoint counsel. Dkt. No. 47. He states that he tried to procure the services of three lawyers but that they declined to represent him. Id. at 1; Dkt. No. 47-1 at 1-3. The plaintiff says that another inmate has prepared all the documents in this case, but that that inmate was transferred to one institution and the plaintiff was transferred to the other. Dkt. No. 47 at 2. Even so, the other inmate continued to help the plaintiff; the plaintiff asserts that the other inmate has been transferred to yet another institution and that although the other inmate continues to help him, "it is, and has become, an insurmountable burden." Id. The plaintiff asserts that the other inmate has his own legal battles that take the majority of his time and the cost of mailing between the two is becoming a burden; the plaintiff can no longer pay the other inmate. Id. The plaintiff states that he reads, writes and comprehends at about a third-grade level, and he includes correspondence to the inmate who has been helping him as examples of his abilities. Id. at 2-3, Dkt. No 47-1. The plaintiff also says that the Wisconsin Department of Justice's willingness to settle another case he is litigating that relates to his alleged disabilities shows that opposing counsel is aware of his

learning disabilities. Dkt. No. 47 at 3. The plaintiff states that this handicap alone (presumably, his learning disability) makes it impossible to coherently present his case, to prepare and respond to motions or to conduct depositions. Id.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Authority, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the

lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff says that he tried to hire three lawyers (one at one firm and two at a second firm). Dkt. No. 47 at 1. The court concludes that the plaintiff has satisfied the first element of the Pruitt test and has tried—unsuccessfully— to hire counsel on his own.

As to the second element—whether the plaintiff can handle the case himself—the court makes this determination based on *the plaintiff*'s abilities, not on the ability of anyone who may be helping him or, as in this case, preparing all his filings. See Eagan, 987 F.3d at 682 ("The court must examine specifically the plaintiff's ability to litigate the case, as opposed to the ability of any 'jailhouse lawyer' assisting the plaintiff.") (citations omitted). Admittedly it is difficult to judge the plaintiff's abilities when someone else has prepared all the case filings. But the exhibits the plaintiff attached to his motion to appoint counsel, as examples of his incompetence, show that the plaintiff can read and comprehend court filings and that he can write coherently. Dkt. No. 47-1 at 6-11. In addition, the plaintiff has filed a comprehensive response to the defendants' motion for summary judgment which includes a brief, declaration, response to the defendants' proposed findings of fact and supplemental proposed findings of fact. Dkt. No. 48-51. That means there is nothing left for the plaintiff to do right now except wait for the court to rule on the motion. The court will deny the motion for now. The plaintiff may renew the motion if, as the litigation proceeds further, he cannot manage it on his own.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 47.

The court **DENIES** the plaintiff's request to dismiss as untimely defendant Edwards's motion for summary judgment on exhaustion grounds. Dkt. No. 45. The court **FINDS** that defendant Edwards has shown good cause

and **GRANTS** her request to find her motion (Dkt. No. 40) timely filed. Dkt. No. 46.

The court **DENIES AS MOOT** the plaintiff's request for time to respond to defendant Edwards's summary judgment motion. Dkt. No. 45.

Dated in Milwaukee, Wisconsin this 4th day of May, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**