UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME WALKER,

          Plaintiff,

v.                                     Case No. 20-cv-1555-pp

CHRISTINA SERRANO, MICHAEL JEAN,
RACHEL MATUSHAK, SIEANNA EDWARDS,
DR. DANIEL LAVOIE, and WILLIAM SWIEKATOWSKI,

          Defendants.

**ORDER GRANTING DEFENDANT SIEANNA EDWARDS'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DKT. NO. 40), DISMISSING WITHOUT PREJUDICE PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANT EDWARDS AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 56)**

Plaintiff Jerome Walker, a person incarcerated at the Green Bay Correctional Institution, filed this case in the Western District of Wisconsin. Dkt. No. 1. He is proceeding on claims that the defendants took the following adverse actions in retaliation for his complaints: (1) defendants Christina Serrano, Sieanna Edwards, Rachel Matushak, Dr. Daniel LaVoie and William Swiekatowksi allegedly restricted his access to his bismuth tablets so that the medication was less effective; (2) defendants Serrano and Michael Jean allegedly attempted to force him to take bismuth medication when he did not need it, then issued him a conduct report for refusing; (3) defendants Edwards and Jean allegedly falsely accused him of attempting to "cheek" a blue pill; and (4) defendant Matushak allegedly refused to provide a statement confirming the color of his medications. Dkt. No. 8 at 5-6; Dkt. No. 31 at 1-2. Defendant

1

Sieanna Edwards has filed a motion for summary judgment for failure to exhaust administrative remedies related to the plaintiff's second retaliation claim against her, *i.e.*, that Edwards falsely accused the plaintiff of attempting to "cheek" a blue pill.[1] Dkt. No. 40. The court will grant Edwards's motion for summary judgment on exhaustion grounds and dismiss without prejudice the plaintiff's second claim against her.

As an initial matter, the plaintiff has filed a motion saying that he would like the court to reconsider "the summary judgment" and deny it. Dkt. No. 56. The plaintiff asks why the court allowed Edwards to proceed on her summary judgment motion when the defendant knew that her "time was up;" he says it is not fair when the deadline for filing was in the court's order and the "new lower" came after the deadline. Id. As the court previously explained in its order deeming the summary judgment motion timely, Edwards showed excusable neglect for filing the motion untimely and allowing her to file the motion did not prejudice the plaintiff. Dkt. No. 52 at 1-3. The plaintiff has not shown that the court erred in deeming the motion timely filed. The court will deny his motion for reconsideration.

---

[1] Defendant Edwards's motion for summary judgment does not reference the plaintiff's first retaliation claim against her, *i.e.*, that Edwards and other defendants restricted the plaintiff's access to his bismuth tablets so that the medication was less effective. See Dkt. No. 8 at 2, 5-6; Dkt. No. 1 at 3-4 ¶¶9-11.

2

## I. Facts[2]

The incident the plaintiff complains of occurred while he was incarcerated at Green Bay Correctional Institution. Dkt. No. 54 at ¶13. The plaintiff alleges that Nurse Edwards violated the First Amendment by retaliating against him for complaining about the distribution and status of his medications. Id. at ¶4. The plaintiff alleges that on December 18, 2019, Edwards and other defendants called him out late to pass out the plaintiff's medications and he was given two different medications: nortriptyline and pregabalin. Id. at ¶¶6. The plaintiff admits that he did not want to "sacrifice" the candy he had, so he moved it to his cheek so he could swallow the two medications. Id. at ¶7. Upon taking his medications, the plaintiff was asked to show that he had swallowed the capsules; he says he did. Id. at ¶8. The plaintiff also had a blue object (claimed as candy) in his mouth, which he swallowed after showing it to defendant Michael Jean. Id. Jean gave the plaintiff a conduct report (Conduct Report Number 69606) for lying and misuse of medication, referred to as "cheeking" his medication. Id. at ¶9.

The plaintiff's complaint against Edwards asserts a retaliation claim based on the issuance of Conduct Report 69606. Dkt. No. 54 at ¶15. The "Description of Incident" for Conduct Report 69606 states:

> On the above date and time, I, Officer Jean was at my assigned post as the North Cell Hall Support Officer. During the HS medication pass I was standing as the medication line officer. I was informed by LPN Edwards that she would like inmate Walker (328029) let out last. LPN Edwards also requested that I use my flashlight when I

---

[2] The court includes only material, properly supported facts in this section. See Fed. R. Civ. P. 56(c).

> check inmate Walker's mouth due to his ability to cheek his medication. I informed Officer Ferry, who was working as the cage Officer to let out inmate Walker last. When Walker was let out for his medication, LPN Edwards informed me to be on the look out for a red and white pill and a blue pill. Inmate Walker then came through the medication line and LPN Edwards dispensed his medication. I then stopped inmate Walker and directed him to open his mouth, run his finger through his gum line and to pull his cheeks outwards as well. When inmate Walker ran his finger through his gum line a blue pill emerged from the right side of his mouth and landed on his tongue. I then asked inmate Walker what the blue pill was. Walker told me it was a piece of candy he had been chewing on. Inmate Walker then re-opened his mouth and ran his fingers through his gums again to show me that he had swallowed the blue pill. LPN Edwards was observing me checking inmate Walker's mouth. LPN Edwards informed me that inmate Walker had just tried to cheek one of his medications. What the LPN means by "cheek one of his medications." That inmate Walker attempted to hide one of his medications in his mouth instead of properly swallowing the medication as he was supposed to. LPN Edwards will also be writing an incident report for inmate Walker's actions.

Dkt. No. 42-1 at 17.

The parties dispute whether the plaintiff complained of Edwards retaliating against him at the January 9, 2020 disciplinary hearing on the conduct report. According to Edwards, the plaintiff did not. Dkt. No. 54 at ¶18. The plaintiff, on the other hand, states that he explained to the hearing officer that he had been taking the same pills for seven years and that he had never taken a blue pill, that Edwards was retaliating against him for his previous complaints and that he was called out last for medication so there would be no witnesses. Id.; Dkt. No. 55 at ¶21.

The hearing officer found the plaintiff guilty of both charges and imposed a disposition of thirty days' disciplinary separation. Dkt. No. 42-1 at 24-25. The plaintiff filed an appeal with the warden. Dkt. No. 54 at ¶19. On the Appeal of a

4

Contested Hearing Form (DOC-91), the plaintiff wrote that he was appealing the guilty findings for both charges because he was not guilty. Dkt. No. 42-1 at 26. In the section of the form that provides space for appealing the "decision on disposition," the plaintiff referred to an attached letter to the warden, which states:

> I ask that Cpt. Wickman to go look at the pills since my witness did not want to have nothing to do with the hearing and she would not [v]erify the color of the pills and the Cpt. Wickman would not go look at the color of the pills that I take and he would have seen[ ] that the color is wrong and he said that the C/O could have been in error of the color of the pill so he is finding me guilty of it but by the DOC 303 the hearing officer must go off the conduct report and not off feeling and he must go off evidence and the evidence is that I do not take a blue pill.
>
> I do not take a blue pill and the conduct report say that I had a blue pill but I take a white in [sic] red pill and a white in [sic] green pill and I took my two pills and the line so I would like you to look at the color of the pills that I take. And thought the conduct report out [sic]. Color of the pill name: Nortriplyine mg 50 (white in green). Color of the pill name: Pregabin mg 300 (write in red).

Dkt. No. 42-1 at 27.

The plaintiff filed an offender complaint, GBCI-2020-3227, in which he appealed Conduct Report 69606. Dkt. No. 42-1 at 28; Dkt. No. 51-1 at 1-2. The plaintiff acknowledges that his inmate complaint did not mention retaliation. Dkt. No. 55 at ¶23. The plaintiff states that the offender complaint detailed Edwards's retaliatory actions. Id. The plaintiff wrote as follows:

> In addition to the CR, RN Edwards wrote an incident report based on the incident. Both parties described seeing a "blue pill" that I tried to cheek and then swallowed. I explained to them that it was only candy and that the meds I take are not even that color. Part of my defense was for my advocate to call RN Matushak or Alsteen as a witness for the purpose of identifying and describing the two meds I take at HS med pass. The DOC-73 states that RN Matushak would

5

not attend my hearing but that she would give a statement. Since the form states that the relevance of her testimony is to verify the color of my meds I assumed her statement would include that information, however, her statement sheet is completely blank. The DOC-84 & 84A refer to her statement even though it does not exist. My due process right to an advocate and to present evidence in my defense were violated by Matushak's failure to provide a statement. My advocate knew the purpose of this witness and when she saw that Matusak could not come and did not submit a statement she should have obtained Alsteen or another RN as a witness to provide the needed testimony. Instead she allowed the hearing to proceed aware that the approved witness had failed to submit a statement and the identity-color of my two medications would not be submitted to the hearing officer as evidence.

By claiming to have submitted a statement and not doing so, Matushak deprived me of my right to present exculpatory evidence. Any RN would have testified that I take two pills at HS, one is white/green and one is white/red. This would have supported my position that I always take my meds and what the officer observed was me trying to save a piece of candy and not eat along with my meds.

Dkt. No. 51-1 at 1-2.

No other statements complaining of Edwards and the alleged retaliation were made by the plaintiff or attached to the conduct reports. Dkt. No. 54 at ¶24.

## II. Analysis

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir.

2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

A party asserting that a fact cannot be, or is, genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

### B. Exhaustion of Administrative Remedies Law

The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a); see also Woodford v. Ngo, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that an inmate comply with the rules applicable to the grievance process at the inmate's institution. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to

7

all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The objective of §1997e(a) is to permit the institution's "administrative process to run its course before litigation begins." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (quoting Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)); see also Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion" and expects inmates to adhere to "the specific procedures and deadlines" established by the institution's policy. Dole, 438 F.3d at 809; see also Hernandez v. Dart, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted). The exhaustion requirement is interpreted strictly and a "prisoner must comply with the specific procedures and deadlines established by the prison's policy." Pyles v. Nwaobasi, 829 F.3d 860, 864 (7th Cir. 2016) (quoting King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015)). But "[r]emedies that are genuinely unavailable or nonexistent need not be exhausted." Id.

Usually, the State of Wisconsin makes administrative remedies available to incarcerated persons under the Inmate Complaint Review System (ICRS). But there are certain limits to an incarcerated person's use of the ICRS. Under Wis. Admin. Code §DOC 310.06(2)(a), an incarcerated person may raise issues through the ICRS regarding disciplinary actions, but only after exhausting the disciplinary appeal process under ch. DOC 303; see also Tonn v. Meisner, No. 14-CV-481-JDP, 2015 WL 8207513, at *3 (W.D. Wis. Dec. 7, 2015) (incarcerated person first must raise issue at the disciplinary hearing and on

appeal to the warden), aff'd, 669 F. App'x 800 (7th Cir. 2016). An incarcerated person may appeal a disciplinary decision, including procedural errors, to the warden. Wis. Admin. Code §DOC 303.82(1). The warden's decision is final regarding the sufficiency of the evidence. Wis. Admin. Code §DOC 303.82(4). An incarcerated person may use the ICRS only to appeal claims of procedural errors. Id.

C.  Discussion

To exhaust allegations that relate to a conduct report, incarcerated persons must raise them as defenses at the disciplinary hearing and on appeal to the warden. See Wis. Admin Code. §DOC 303.82(1). The parties dispute whether the plaintiff raised retaliation at the due process hearing. The defendants point to the record of the hearing which summarizes the plaintiff's testimony and does not mention retaliation. The plaintiff responds that the summary does not include all his testimony and he avers that he did raise the issue of retaliation at the hearing.

This factual dispute is not material, however, because the record shows that the plaintiff did not raise the issue of retaliation in his appeal to the warden. While the plaintiff's letter to the warden mentions Edwards, it does not state that any of her actions were retaliatory. The plaintiff contends that he raised retaliation by virtue of mentioning Edwards's actions. To constitute exhaustion, the plaintiff "must object intelligibly to some asserted shortcoming." Tonn, 2015 WL 8207513, at *3 (W.D. Wis. 2015) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). The plaintiff's appeal did not put

9

any official on notice of the plaintiff's retaliation claim against Edwards and therefore did not exhaust his administrative remedies before filing this case.

The plaintiff contends that he can use the appeal of a conduct report only to challenge the procedure used during the hearing. Dkt. No. 48 at 6. This is incorrect. As indicated by the hearing appeal form, the appeal can challenge findings of guilt, the decision on disposition *and* procedural errors. Dkt. No. 42-1 at 26; see also Wis. Admin. Code §303.82(1).

Finally, the plaintiff contends that the offender complaint he filed served to exhaust his retaliation claim against Edwards. Dkt. No. 48 at 7-8. Offender complaints may be used only to challenge the procedure used in a disciplinary hearing. Filing an offender complaint under the ICRS was not the proper forum in which to raise the plaintiff's retaliation claim against Edwards. Even if it had been, the plaintiff did not mention retaliation or any First Amendment-protected conducted in the offender complaint, so the offender complaint would not have served to exhaust the plaintiff's retaliation claim against Edwards. See Schillinger v. Kiley, 954 F.3d 990, 995-96 (7th Cir. 2020).

The plaintiff failed to exhaust his administrative remedies as to his second retaliation claim against defendant Edwards. The court will grant defendant Edwards's motion for summary judgment on exhaustion grounds and dismiss that claim without prejudice. (The plaintiff's first retaliation claim against Edwards remains.) This order sets new deadlines for the completion of discovery and for filing motions for summary judgment on the merits.

### III. Conclusion

The court **GRANTS** defendant Edwards's motion for summary judgment on exhaustion grounds. Dkt. No. 40. The court **DISMISSES WITHOUT PREJUDICE** the plaintiff's second retaliation claim against Nurse Sieanna Edwards.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 56.

The court **ORDERS** that parties must serve their discovery requests by a date sufficiently early so that discovery is completed no later than **April 8, 2022** and parties may file motions for summary judgment on the merits, together with supporting materials, no later than **May 6, 2022**.

Dated in Milwaukee, Wisconsin this 7th day of December, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**