UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEROME WALKER,

                Plaintiff,

v.                                                 Case No. 20-cv-1555-pp

CHRISTINA SERRANO, MICHAEL JEAN,
RACHEL MATUSHAK, SIEANNA EDWARDS,
DR. DANIEL LAVOIE and WILLIAM SWIEKATOWSKI,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT EDWARDS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 74), DENYING AS MOOT DEFENDANT EDWARDS'S MOTION TO STRIKE PLAINTIFF'S RESPONSE (DKT. NO. 97), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ORDER RETURNING DISCOVERY (DKT. NO. 74), DENYING PLAINTIFF'S MOTION FOR COURT DETERMINATION THAT CASE RELATED MAIL SENT TO OTHER INMATE IS "LEGAL MAIL" (DKT. NO. 74), GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT (DKT. NO. 85) AND GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO STATE DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 85)**

The plaintiff has filed a motion requesting three "orders." Dkt. No. 74 at 1. In support of his motion, the plaintiff states that the two incarcerated persons helping him with this case have not received all the legal mail he sent them. Id. According to the plaintiff, on January 18, 2022, he mailed them two large envelopes, but they received only one. Id. The plaintiff states that prison staff told him they could not do anything about it. Id. He says that he also spoke with the "AAG," who told the plaintiff he would look into why they hadn't received each other's mail for the last thirty days and about the missing

1

"discovery mail." Id. The plaintiff explains that he tried to get this issue resolved on his own, but that he needs his discovery, and he needs prison staff to stop playing with his mail. Id. The plaintiff asks that the court (1) extend "the summary judgment to this issue until this issue is fixed"; (2) get the discovery back from "them"; and (3) "see if all [his] legal mail" that he sends to the two other incarcerated persons can "be legal," such that the mailroom sergeant will be required to give it to him and the two other incarcerated persons. Id. at 1-2.

Defendants Serrano, Jean, Matushak, Lavoie and Swiekatowski ("State defendants") oppose the plaintiff's motion, dkt. no. 82 at 2, and defendant Edwards (who is represented by separate counsel) joins the State defendants' response, dkt. no. 84. The State defendants assert that their counsel contacted Kyle Grabowski, the Litigation Coordinator at Green Bay Correctional Institution, who informed him that due to a large influx of drugs coming into Wisconsin Department of Corrections institutions, inmate mail now goes through a third-party vendor call "TextBehind." Dkt. No. 82 at 2. Grabowski checked TextBehind's portal and learned that the plaintiff has received mail from incarcerated persons Williams and Lewis in the last two months. Id. at 3. According to Grabowski, records do not show that the plaintiff's mail is being held or rejected for delivery by the mailroom, and he checked the "second quarter reject logs" which do not show that the mail room rejected any of the plaintiff's mail for delivery. Id. at 3-4. In addition, Grabowski states that if Lewis and Williams were not able to receive mail from the plaintiff, it could be

2

because they refused to sign the consent to have TextBehind process their mail. Id. at 4. The defendants indicate that Grabowski searched the incoming mail for Lewis and Williams from April 1, 2022 to the "present" (the State defendants' response is dated May 27, 2022), which shows that Lewis and Williams did not have any mail received or processed by TextBehind during that period. Id. at 4-5. The State defendants conclude that the plaintiff must have consented to let TextBehind process his mail in order to receive mail from Lewis and Williams, but that Lewis and Williams must not have consented, which is why they would not have received all the plaintiff's mail. Id. at 5. The State defendants contend that, based on this information, the court should deny the plaintiff's motion because there is no evidence that his mail is being held or rejected for delivery by the institution mail room. Id.

The plaintiff filed a combined motion to supplement his original motion (dkt. no. 74) and motion to extend or deny summary judgment. Dkt. No. 85. He also filed a reply in support of his original motion. Dkt. No. 86. In his motion to supplement, the plaintiff states that his original motion should have been a declaration under Federal Rule of Civil Procedure 54(d) to prove the inability to answer summary judgment. Dkt. No. 85 at 1. The plaintiff states that on January 18, 2022, he mailed all his materials and evidence necessary for responding to summary judgment and/or filing his own motion to James Lewis at Kettle Moraine Correctional Institution; the plaintiff says that Lewis did not receive all the materials/evidence, which affected the plaintiff's ability to respond to summary judgment. Id. at 2. The plaintiff also states that he is

3

trying to recover the lost materials, but that he needs assistance under Rule 56(d) to defer or deny the defendants' summary judgment motion until he can do so. Id. The plaintiff also filed a letter from incarcerated person John Lewis, in which Lewis states that he consented to receive mail from TextBehind. Dkt. No. 90. Lewis states that sending mail through TextBehind can take up to three weeks, which is why he told the plaintiff to request extensions of time to respond to defendant Edwards's motion for summary judgment and to the State defendants' motion for partial summary judgment. Id. at 1.

The deadline for the plaintiff to respond to defendant Edwards's motion for summary judgment was June 6, 2022, and the deadline for the plaintiff to respond to the State defendants' motion for partial summary judgment was June 13, 2022. On June 22, 2022, the court received the plaintiff's response to defendant Edwards's motion, which includes a brief, response to proposed findings of fact, the plaintiff's additional proposed findings of fact, two declarations and exhibits. Dkt. Nos. 91-96. To the extent that the plaintiff's original motion requests an extension of time to respond to defendant Edwards's motion for summary judgment, the court will grant the motion and accept his untimely summary judgment motion. Defendant Edwards filed a motion to strike the plaintiff's response. Dkt. No. 97. Because the court is granting the plaintiff's motion for an extension of time and deems his response timely filed, it will deny defendant Edwards's motion to strike as moot.

The plaintiff filed his original motion on May 13, 2022, which was the same date the State defendants filed their motion for partial summary

4

judgment. Because the State defendants had not yet filed their summary judgment motion when the plaintiff filed his original motion, it appears that the plaintiff's original motion sought an extension of time to respond to defendant Edwards's summary judgment motion, not the State defendants' motion. The plaintiff's subsequent filings, however, indicate that he also requests more time to respond to the State defendants' summary judgment motion based on delays in communicating with the individuals who have helped him with this case and possibly in obtaining discovery materials he attempted to mail to Lewis in January 2022. Under the circumstances, the court will give the plaintiff additional time to respond to the State defendants' motion for summary judgment, as described below.

Regarding the plaintiff's request for the return of his discovery, the court will not order relief at this time because it is not clear if he still needs it. As stated above, on June 22, 2022, the court received the plaintiff's response to defendant Edwards's motion for summary judgment. Based on the plaintiff's and Lewis's ability to send and receive mail via TextBehind, the plaintiff's filing of his summary judgment response and the plaintiff's statement that he has been trying to recover his discovery materials on his own but needs more time, it appears that his discovery may have been returned to him, then forwarded to Lewis. The court will deny without prejudice the plaintiff's request for the return of his discovery. The plaintiff may renew his motion if his discovery has not been returned.

Finally, the court will not order institution staff to deem the mail the plaintiff sends to the incarcerated persons helping him with this case as "legal mail." The court generally does not interfere with prison administration. See Gillis v. Litscher, 468 F.3d 488, 495 (7th Cir. 2006); Bell v. Wolfish, 441 U.S. 520, 547 (1979). And aside from the missing discovery envelope, the issue with the mail the plaintiff sends to the two other incarcerated individuals does not appear to be the result of prison staff preventing the plaintiff from sending them mail related to his case, but rather, that the mail takes longer to arrive than it used to take. The court now has extended the time for the plaintiff to respond to the defendants' motions for summary judgment and will entertain additional requests for extensions of time for the plaintiff to respond to the State defendants' motion, if needed.

The court **GRANTS** the plaintiff's motion for an extension of time to respond to defendant Edwards's summary judgment motion. Dkt. No. 74. The court **DEEMS** the plaintiff's June 22, 2022, response to defendant Edwards' motion for summary judgment timely filed. Defendant Edwards's reply is due by the end of the day on July 26, 2022.

The court **DENIES AS MOOT** defendant Edwards's motion to strike the plaintiff's response to Edwards's motion for summary judgment. Dkt. No. 97.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for order returning discovery. Dkt. No. 74.

The court **DENIES** the plaintiff's motion for court determination that case-related mail sent to other incarcerated persons is "Legal Mail." Dkt. No. 74.

The court **GRANTS** the plaintiff's motion to supplement. Dkt. No. 85.

The court **GRANTS** the plaintiff's motion for extension of time to respond to the State Defendants' motion for partial summary judgment. Dkt. No. 85. The court **ORDERS** that the plaintiff's response is due by the end of the day on **August 12, 2022**. If the court does not receive the plaintiff's response to the State defendants' motion for partial summary judgment, or a letter requesting more time to respond to the motion, by the end of the day on August 12, 2022, the court will consider the motion unopposed, and will decide it without input from the plaintiff.

The court **DENIES** the plaintiff's motion to deny summary judgment. Dkt. No. 85.

Dated in Milwaukee, Wisconsin this 12th day of July, 2022.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**