UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| DATE: | April 25, 2023 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2020-cv-1555 |
| CASE NAME: | Jerome Walker v. Christina Serrano, *et al.* |
| NATURE OF HEARING: | Status conference |
| APPEARANCES: | Jerome Walker – Plaintiff |
| | Brandon Flugaur – Attorney for the defendants |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 3:36 p.m. – 3:56 p.m. |

## AUDIO OF THIS HEARING AT DKT. NO. 128

The court noted that it scheduled this hearing because the court had granted former defendant Sieanna Edwards's motion for summary judgment and had dismissed Sieanna Edward, and had granted defendants' Christina Serrano, Michael Jean, Rachel Matushak, Daniel LaVoie and William Swiekatowski's motion for partial summary judgment and had dismissed William Swiekatowski. The court listed the claims that remain (all retaliation claims): (1) that Serrano, Matushak and LaVoie had restricted the plaintiff's access to his bismuth tablets; (2) that Serrano and Jean allegedly had tried to force the plaintiff to take bismuth medication when he did not need it, then issued him a conduct report for refusing; (3) that Jean allegedly had falsely accused the plaintiff of trying to "cheek" a blue pill; and (4) that Matushak allegedly had refused to provide a statement confirming the color of the plaintiff's medications.

The court recounted that the plaintiff had filed a letter in the Green Bay division of the Eastern District, whose clerk's office had forwarded the letter to the Milwaukee division. The court stated that while it had not read the letter in detail, the letter appeared to be part of a settlement negotiation between the parties. The court stated that it did not know whether the plaintiff had sent that letter to defense counsel. The court explained that the ethics rules prohibited the court from being involved in settlement negotiations and that parties should not file negotiation documents with the court (they should exchange them with each other). The court explained that it could restrict the document to the plaintiff and defense counsel.

Defense counsel did not oppose the court restricting the letter to viewing by the parties only.

The plaintiff stated that he had sent the letter to the court only because he believed that was the way to get it to the defense attorney most quickly. The plaintiff stated that he now understood that he should not have filed the letter with the court. The plaintiff agreed that the court could restrict the document to viewing by the parties.

1

Both parties were amenable to this court referring the case to a magistrate judge for mediation. Defense counsel clarified, however, that the Department of Justice had the authority to negotiate only monetary settlements; it did not have the authority to negotiate injunctive relief. The plaintiff confirmed that he understood that restriction, but stated that despite the restriction, he was amenable to mediation.

In response to the court's request, the plaintiff indicated that he still wished the court to appoint him an attorney. The court explained that it could take some time for the court to find an attorney to represent the plaintiff but stated that generally it took less time to find counsel for mediation purposes than for trial.

The court explained that after the hearing, it would begin the process of recruiting counsel. Once the court had found an attorney, the court would send the plaintiff a form for accepting the appointment and agreeing to reimbursement of expenses out of any award. The court then will refer the case to the magistrate judge for mediation and the magistrate judge will contact the parties for scheduling. If the mediation is successful, the case will not come back to this court. If the mediation is not successful, then the case would come back to this court and the court would schedule a trial.

The parties confirmed that they understood the process.